# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LAWRENCE SHIPLEY** | **CIVIL ACTION NO. 06-1708** |
| **VS.** | **SECTION P** |
| **MICHAEL N. WOODRUFF, D.D.S.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on September 22, 2006, by *pro se* plaintiff Lawrence Shipley.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Health and Safety (LDOC). He is incarcerated at the Forcht-Wade Correctional Center, Keithville, Louisiana. However, when he filed his complaint he was incarcerated at the Madison Parish Detention Center (MPDC), Tallulah, Louisiana. Plaintiff claims that he was denied proper medical care by Dr. Michael N. Woodruff, a dentist from Marksville, Louisiana. The only defendant named herein is Dr. Woodruff and plaintiff seeks an unspecified amount of damages as "... payment for suffering and pain from malpractice..." [doc. 5, paragraph V]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that plaintiff's complaint be **DENIED** and **DISMISSED**

---

[1] Plaintiff filed suit in the United States District Court for the Middle District of Louisiana on September 22, 2006. However, that court transferred the matter to the Western District by order dated September 25, 2006.

1

**WITH PREJUDICE.**

### *Statement of the Case*

On some unspecified date plaintiff, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, was incarcerated at the MPDC in Tallulah, Louisiana.[2] On some unspecified date one of his teeth was broken. He was taken to Dr. Woodruff's office in Marksville, Louisiana. Dr. Woodruff attempted to extract the broken tooth but he apparently left a fragment of the tooth in plaintiff's gum. [doc. 1-1, paragraph IV; doc. 5, paragraph IV]

Plaintiff returned to MPDC and complained of continued pain. He was examined by the nurse at that facility. Plaintiff requested that he be sent to LSU[3], but instead, he was returned to Dr. Woodruff's office. Dr. Woodruff did nothing and plaintiff was again returned to MPDC. Plaintiff's face remained swollen and "leaking" pus for a period of four months. The tooth fragment then worked its way out leaving a hole in plaintiff's gum. [doc. 1-1, paragraph IV; doc. 5, paragraph IV]

On August 6, 2006, plaintiff filed suit against Dr. Woodruff in Louisiana's Nineteenth Judicial District Court, East Baton Rouge Parish. That suit apparently remains pending. [doc. 1-1, paragraph I]

### *Law and Analysis*

***1. Frivolity Review***

---

[2] According to a petition for writ of *habeas corpus* filed by the petitioner in the United States District Court for the Middle District of Louisiana, petitioner was convicted of a felony offense and sentenced to the custody of the LDOC on October 19, 2004. [See *Lawrence Shipley v. Louisiana Department of Corrections*, No. 3:06-cv-00721 (U.S.D.C. – M.D.La.) at doc. 1]

[3] Presumably one of the Louisiana State University Health Science Centers located in either Shreveport or Monroe.

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint outlines the broad contours of his claims for relief. He has pleaded

his best case and need not be afforded further opportunities to amend. Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted under Section 1983 and accordingly, recommends dismissal of the complaint with prejudice.

## 2. State Actor

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

The complaint is devoid of any allegation which indicates that Dr. Woodruff was acting under the color of state law. Plaintiff's pleadings suggest that the defendant is a private dentist employed at a facility separate and apart from the MPDC. Compare *West v. Atkins*, 487 U.S. 42, 49-52, 108 S.Ct. 2250, 101 L.Ed.2d 40 (private physician acts under color of state law for § 1983 purposes when treating patient in state prison under contract with state). Absent some allegation to establish the defendant as a "state actor," plaintiff's complaint fails to state a claim and must be dismissed as frivolous.

## 3. Deliberate Indifference

Assuming for the sake of argument that Dr. Woodruff was in fact a "state actor," in order to prevail, plaintiff must establish that he was deliberately indifferent to plaintiff's serious medical needs. In order for an inmate to establish a §1983 claim of deliberate indifference to a serious medical need, he must allege a deprivation of medical care sufficiently serious to show that the state abdicated its constitutionally-required responsibility to attend to his medical needs,

4

and that the named state actors knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *Id.* at 835-47. Negligence, unsuccessful medical treatment, or even medical malpractice does not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999); see also *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991) (finding disagreement as to the correct medical treatment does not constitute an actionable civil rights claim).

Plaintiff himself has characterized Dr. Woodruff's treatment as "malpractice," [doc. 5, paragraph V], and beyond that, the facts alleged suggest negligence and not deliberate indifference. Therefore, even if Dr. Woodruff is considered a "state actor," plaintiff's complaint fails to state a claim for which relief may be granted.

4. Conclusion and Recommendation

The facts alleged suggest that the defendant was not a "state actor" as required by § 1983. Further, plaintiff's allegations do not establish the deliberate indifference standard required under law.

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 12th day of January, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE